Good morning your honors and may it please the court Chief Justice or Chief Judge Kaczynski. My name is Andrew McGee. I'm present on behalf of Mr. Daniel Macio Saunders the appellant in this matter. Pursuant to Chief Judge's order I've been allotted 10 minutes to present our case. We would respectfully request from the court two minutes in rebuttal. With regard to this case pardon me your honor. You have a clock keep track of your time. Thank you very much. With regard to this case we perhaps jurisdiction pursuant to 28 USC section 1291 and in as much as this matter is a case brought before the court appealing a finding for summary judgment we respectfully submit that the standard review on that summary judgment is de novo and that in as much as it deals with constitutional rights again that the standard of review is de novo. What we have to say on appeal is that it is incontrovertible that two things occurred in violation of my client's rights. Number one by way of a off the record without my client present not subject to review proceeding conducted without him having an attorney there without any notice thereof the King County prosecutor's office engaged a favorable judge in a proceeding that was held in violation of Mr. Saunders' rights. This is how warrants are obtained. They don't usually bring the guy in and say hey you get a lawyer just to see whether you're going to get a warrant. You make it sound terrible but it's really just what happens. Under these circumstances your honor the significance and I'm not sure if the cases you refer to would apply under the facts of this case is that Mr. Saunders had been arrested. This is an arrest warrant right? No sir your honor. He was arrested without a warrant. Right but the warrant that you're complaining about the proceeding you're complaining about resulted in an arrest warrant. Initially it was used as a bail order and it produced without him being there an arrest warrant only after. So arrest warrants are issued in this country I would suspect hundreds or thousands of times a day. Yes sir your honor. And I've never heard of a case where a defendant was invited to participate. This is a pretty much standard procedure. You get an arrest warrant expired. I don't see what a constitutional violation where the problem is. Where the problem is is that Mr. Saunders had been arrested prior to that warrant being issued. He was then let out. And when he was let out your honor it was pursuant to a section of the court rules defined as entitled as defendant's rights. Right and he was let out and as I understand your premise and I do have a different question but your premise is that somehow insulated him from what otherwise would be okay which is to have somebody issue an arrest warrant and come and arrest him. The significant problem with the arrest warrant your honor is that Mr. Saunders was arrested according to his constitutional rights. The state has three days in which to either charge him or have him ordered released and exonerated of any and all conditions. But not exonerated of the crime. No. No. From that point forward unless Mr. Saunders is subsequent to his lawful on the record release that he was given notice of and was made aware of by way of a court order ordering him released. From that point forward unless he commits a new crime, violates a condition of his release which there were none and he couldn't or if the prosecution presents new and additional evidence that they would have and could have and were required to have at that hearing that was held where they would say they were going to arrest him. Very simply. So where do you get that from? I don't understand any of this. Yeah. It's very simple. He was arrested without a warrant after the break-in. Yes, sir. Right? And there was a he was he had to go to the hospital for some treatment. They took him back to the jail. And eventually within I forget how much time he had a probable cause of termination where he was represented by a counsel and the prosecutor was there and the judge made a finding of probable cause. Is that right? Correct. All right. Unfortunately, within the 72 hours under the State rules, the State didn't file an information or complaint or whatever however they proceed here in Washington. Is that right? That's correct, Your Honor. There was some miscommunication from what I could tell, right? Internally. He was released. Correctly. And the deputy. Back to Stage 1. The whole earlier thing had never happened. And all they can do at that time if they need to bring him back unless he violates a condition of his. Where are you getting that from? Very simply, the question is asked what did he do to get arrested? He did it before. Whatever you think that they arrested him for. And that's correct, Your Honor. And it's within 72 hours after taking him into custody and keeping him into custody. And that's a constitutional rule? Where are you getting it from? By way of Kentucky v. Stintzer where it says a person has the right to be present at any significant or critical stage of the proceedings taken against him. By way of Coleman v. France, that would include. But you're assuming that some, clearly if the first arrest had never happened and the first discharge had never happened, was the proceeding that resulted in the arrest warrant okay? Absolutely. So what is it constitutionally about the fact that they screwed up the first set of proceedings that precluded them from having the second? Because they're taking him back into custody beyond 72 hours without discharging him. Is 72 hours in the Constitution? According to that court rule, yes. That's not in the Constitution. Well, they released him. So why doesn't that reset the clock? Very simply because what happens in this case is what that would stand for is the proposition that a person could be arrested, kept in jail for three days, not charged and released, and upon making it to the sidewalk of the jail. Probably true. Get arrested, taken back into custody, kept for three more days without being charged and released ad infinitum. Well, if they arrested him the second time without probable cause shirring, then maybe you'd have that argument. But they didn't just arrest him. They didn't just let him go to the sidewalk and get arrested. They actually had another hearing. They had a hearing. They had a probable cause shirring. They had another warrant issued. Are we talking about when you say they had another hearing, is that the one that took place? They had a hearing. They had a hearing. It's not like they released him and then they said, whoops, now you're on the sidewalk. We're going to arrest you and put you back in jail. That's precisely what happened. They had an arrest warrant. They had an arrest warrant. It was transformed from a bail order that they had sent over to jail. They had the judge issue an arrest warrant after making a finding of probable cause. We have no idea exactly what took place. Can I ask you one question? Are you complaining about the bail aspect of this at all? Absolutely. In what sense? He has the right to know about bail being set against him. He has the right to contest it on the record and subject it to review. And again, let's suppose the whole, this is the part that I wonder about. Did he have a chance to have another hearing on the bail? I assume he did. What took place, my recollection is that subsequent to his seizure or re-arrest where he was savagely beaten and put back in the hospital. Well, that's a different issue. It has nothing to do with this appeal. What occurred was that that intervening event from his first appearance when probable cause was originally found and bail was set, I believe, at $10,000, is subsequently he came before the court after his re-arrest or and was deemed mentally incompetent, the only intervening matter being his savage beating. And therefore, the proceedings were halted and he was sent to the state mental health hospital to be recompensated. But let's suppose, what I'm curious about is the bail part because I would have thought that you did have an opportunity to be present at a bail hearing. And was this just a sort of preliminary setting of bail and he was going to have another chance? Suppose the hope for a set of incidents hadn't happened and there had just been an arrest and the second set of proceedings had happened as they did, i.e., there was an arrest warrant issued and a bail set. Is that usual? Is that the way it's usually done? No. Let's forget ‑‑ I'm backing out the whole first set of proceedings. Okay. If an arrest warrant is set, is it also set with a sort of preliminary bail? Yes. Okay. Is that a problem? Are you claiming that's a problem? Aside from the fact that he was arrested the first time? No. You're not? My example that I've used in discussing this matter, if, God forbid, I should find myself in a situation, I'll use myself as the example, I were to rob a bank. And if on the way out of the bank, the camera took a picture of me and everyone who knew me could see the crystal clear picture of me on the television, and I were to remain at large in place in what I don't disagree with whatsoever, is for a prosecutor ‑‑ Why don't you make a statement instead of going off on these tangents? You start saying something, and then you go off on a hypothetical. Just say what you want to say. Just make your point. It's perfectly permissible what they did with regard to the proceeding they held, issuing an arrest warrant. Including the bail part. Absolutely. They can put a prefixed amount on an arrest warrant. So what's the difference? The difference being is that that's for the purposes of when a person remains at large. When Mr. Saunders was taken into custody, that process of fixing bail against him and or keeping him in custody, for which he was arrested already, is defined explicitly by way of 3.2.1. When he was released, that was their opportunity to keep him in custody and or charge him by virtue of him being taken into custody. If he were not in custody, and he had remained at large for which he was originally ‑‑ for the matter he was originally arrested for, of course he doesn't have the right, although he could appear if he happened to know about the proceeding, he doesn't have the right to be at that proceeding. He remains at large. But the moment he's taken into custody, he has certain rights automatically attached to him. Which are state law rights, which have some constitutional background. But the constitutional background doesn't ‑‑ where does the constitutional background get to tell you that it's 72 hours and once you're released they can't re-arrest you and all the rest of it that you're trying to build on? What I would submit, Your Honor, respectfully, is that very simply he has the right to know about the bail put against him when he's in custody upon his release. He has the right to post that bail, doesn't he? He has the right to be treated as innocent until proven guilty. If, for example, there's attempt to get this bail over to the jail had worked, doesn't Mr. Saunders have the right to post that bail and be released just as he was having met the conditions of his release? And if he had posted that bail, would he have been subject to re-arrest? Absolutely not. And they're saying that he can be. He was released having met the conditions of his release. You are hereby released without any conditions. He posted the bail. It was zero. He was free on bail. He had met the conditions of his release. What was he arrested for? What is the meaning of that release order? It's exactly what it says. Your Honor, it's time. I understand, Your Honor. Thank you very much. Good morning, Your Honors. May it please the Court. My name is Kimberly Frederick and I'm here on behalf of the respondent, King County. Anything you've heard today wasn't adequately addressed in your brief? I don't believe so. I think that there's still confusion about the two processes. The first hearing that we were talking about I guess you do think so. I feel like I have to address what was said. I guess you do think so. I have to address what was said. You know, the first appearance Either of your briefs addresses adequately what was said. Oh, well, thank you. Do you have any questions? No. Thank you. Cases are you stand submitted. Thank you. We are now adjourned.
judges: Kozinski, Paez, Berzon